

JUDGE KOELTL

08 CV 5076

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
FRIENDSHIP INTERNATIONAL MANAGEMENT (SVG) INC.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

FRIENDSHIP INTERNATIONAL
MANAGEMENT (SVG) INC.,

                                    Plaintiff,

        v.

GUJARAT AMBUJA EXPORTS LTD.,

                                    Defendant.
-----------------------------------------------------------------------X

RECEIVED
JUN 03 2008
U.S.D.C. S.D. N.Y.
CASHIERS

08 CV _____ (___)

**VERIFIED COMPLAINT**

Plaintiff FRIENDSHIP INTERNATIONAL MANAGEMENT (SVG) INC.

(hereinafter "FRIENDSHIP"), by its attorneys, Chalos, O'Connor & Duffy, as and for its

Verified Complaint against the Defendant, GUJARAT AMBUJA EXPORTS LTD.,

(hereinafter "AMBUJA") alleges upon information and belief as follows:

JURISDICTION

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h)

of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and

maritime jurisdiction pursuant to 28 U.S.C. § 1333.

## THE PARTIES

2.      At all times material hereto, plaintiff FRIENDSHIP was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country operating under foreign law with an address at Trust House, Bonadie Street, Kingstown, Saint Vincent.

3.      The plaintiff FRIENDSHIP is the disponent owner of the vessel M/V JAIPUR, and the business of FRIENDSHIP is to charter the M/T JAIPUR to others for the carriage of cargo in exchange for payments of hire or freight.

4.      At all times material hereto, defendant AMBUJA was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country operating under foreign law with an address at Ambuja Tower, Opp. Memnagar Fire Station, Post Najivan, Navrangpura, Ahmedabad - 380014, Gujarat, India.

5.      The defendant AMBUJA is engaged in the business of chartering and operating vessels for the carriage of goods by sea.

## AS AND FOR A CAUSE OF ACTION
## FOR BREACH OF MARITIME CONTRACT

6.      On March 19, 2008, plaintiff FRIENDSHIP, as owner of the ocean-going vessel M/V JAIPUR, entered into a charter party contract with defendant AMBUJA, as charterer, whereby defendant AMBUJA hired the M/V JAIPUR for a shipment of up to a full and complete vessel capacity of bulk bagged agriproducts from Kandla – Mumbai Range to Vietnam Range for $62.25 per metric ton of cargo, 95% due upon loading, with the balance of 5% freight together with any demurrage due within fifteen (15) days after the completion of the voyage.

2

7.     The charter party contract between plaintiff FRIENDSHIP and defendant AMBUJA is a maritime contract entered into on a Baltic and International Maritime Council "GENCON" form with additional rider clauses appended thereto and incorporated by reference (hereinafter collectively referred to as the "maritime contract").

8.     The maritime contract includes a rate of demurrage of $11,000 per day *pro rata*.

9.     In accordance with the maritime contract, the MV JAIPUR carried a cargo of 11,303.00 metric tons of soyabean meal from Kandla, India, to Haiphong, Vietnam, completing the entire discharge operation on May 13, 2008 and sailing on May 15, 2008.

10.    During loading operations in India, the vessel M/V JAIPUR incurred demurrage costs as near as can now be calculated as $23,529.00 which amount is now due and owing under the maritime contract.

11.    During discharge operations in Vietnam, the vessel M/V JAIPUR inurred demurrage costs of an additional amount, as near as can now be calculated as $93,192.00, which amount is now due and owing under the maritime contract.

12.    However, despite due demand after fifteen (15) days, defendant AMBUJA failed to pay either the demurrage charge as it was obligated to do under the maritime contract.

13.    Furthermore, defendant AMBUJA also failed to pay the 5% balance of freight charges despite due demand after fifteen (15) days, which amount is, as near as can now be calculated as $35,180.59.

14.    Defendant AMBUJA's failure to make timely payment of the demurrage and/or the freight balance when it became due constitutes a breach of the maritime

3

contract and, therefore, plaintiff FRIENDSHIP has an *in personam* maritime claim against defendant AMBUJA for said breach.

15.    The maritime contract between plaintiff FRIENDSHIP and defendant AMBUJA dated March 19, 2008 provides that any disputes arising out of the maritime contract shall be governed by English law and shall be referred to arbitration in London.

16.    Interest and costs, including attorneys' fees, are routinely awarded to the prevailing party in London arbitration because they are recoverable damages in arbitration pursuant to the London Maritime Arbitration Association's rules.

17.    In accordance with the terms and conditions of the charter party, plaintiff FRIENDSHIP is preparing to initiate arbitration proceedings against defendant AMBUJA in London.

18.    As best as can now be estimated, plaintiff FRIENDSHIP expects to recover the following amounts in London arbitration from defendant AMBUJA:

| | | | |
|---|---|---|---|
| | A. | Principal claim | $151,901.59 |
| | B. | Estimated interest on claims: 3 years at 8.5%, compounded quarterly | $ 43,598.59 |
| | C. | Estimated attorneys' fees: | $ 50,000.00 |
| | D. | Estimated arbitration costs/expenses: | $ 25,000.00 |
| **Total** | | | **$270,500.18** |

## PRAYER FOR RELIEF

19.    Notwithstanding the fact that the liability of the Defendant is subject to determination by arbitration in London, there are now, or will be during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects,

payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District and held by various parties, as garnishees.

20.     Plaintiff FRIENDSHIP believes that some of these assets, *to wit*: bank accounts; payments from the purchasers of other cargoes; freight and/or hire payments being made to other vessel owners U.S. dollars; freight and hire payments from other charterers or shippers of cargo; and/or Clearing House Interbank Payment System (CHIPS) credits; and/or funds being transferred through intermediary banks are located in this District in the possession of garnishees, namely banks or financial institutions located in New York.

21.     As set forth in the accompanying affidavit of Owen F. Duffy, the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure.

22.     Because this Verified Complaint sets forth an *in personam* maritime claim against the Defendant and because the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the Defendant and/or *quasi in rem* jurisdiction over the property of the Defendant so that an eventual judgment and/or award can be satisfied.

WHEREFORE, Plaintiff prays as follows:

A.     That the Defendant be summoned to appear and answer this Verified Complaint;

B.     That the Defendant not being found within this District, as set forth in the Affidavit of Owen F. Duffy, then all of its assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C.     That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or the London arbitration panel, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, *i.e.* **$270,500.18**, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof; and

D.     That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
       June 3, 2008

                                   CHALOS, O'CONNOR & DUFFY, LLP
                                   Attorneys for Plaintiff,

                        By:     _____
                                   Owen F. Duffy (OD-3144)
                                   George E. Murray (GM-4172)
                                   366 Main Street
                                   Port Washington, New York 11050
                                   Tel:  (516) 767-3600
                                   Fax:  (516) 767-3605

6

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
FRIENDSHIP INTERNATIONAL MANAGEMENT (SVG) INC.
366 Main Street
Port Washington, New York 11050
Tel:   (516) 767-3600
Fax:   (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FRIENDSHIP INTERNATIONAL
MANAGEMENT (SVG) INC.,

                              Plaintiff,

                                                                    08 CV _____ (___)

          v.
                                                                    **VERIFICATION**

GUJARAT AMBUJA EXPORTS LTD.,

                              Defendant.
------------------------------------------------------------------X
STATE OF NEW YORK       :
                        : ss.
COUNTY OF NASSAU        :

          BEFORE ME, the undersigned authority, personally came and appeared Owen F.

Duffy who, after being duly sworn, did depose and state:

          1.        That he is a partner in the law firm of Chalos, O'Connor & Duffy LLP,

counsel for the Plaintiff, FRIENDSHIP INTERNATIONAL MANAGEMENT (SVG)

INC., herein;

          2.        That he has read the foregoing complaint and knows the contents thereof;

          3.        That he believes the matters to be true based on documents and

information obtained from employees and representatives of the Plaintiff through its

agents, underwriters and attorneys; and

4.      That the reason that this verification was made by deponent and not by the

Plaintiff is because the officers' verification of Plaintiff could not be obtained within the

time constraints presented by the circumstances of this case.

Dated:  Port Washington, New York
        June 3, 2008

                                        CHALOS, O'CONNOR & DUFFY, LLP
                                        Attorneys for Plaintiff,
                                        FRIENDSHIP INTERNATIONAL
                                        MANAGEMENT (SVG) INC.

                    By:     _____
                                        Owen F. Duffy (OD-3144)
                                        366 Main Street
                                        Port Washington, New York 11050
                                        Tel:  (516) 767-3600
                                        Fax:  (516) 767-3605

Subscribed and sworn to before me this
June 3, 2008

_____
Notary Public, State of New York

        GEORGE E. MURRAY
    Notary Public, State of New York
          No. 02MU6108120
       Qualified In New York County
    Commission Expires April 12, 2008
                         2012

2